Mr. Flaxman, you may proceed. Thank you, Your Honor. May it please the Court. This case began in state court under state law. The defendant's federal employees removed it to federal court. After removal, plaintiff filed an amended complaint under federal law, which invoked the district court's original jurisdiction. So the amended complaint replaced the state claim with a federal claim. The district court dismissed the case based on the doctrine of derivative jurisdiction. Under that rule, where jurisdiction is lacking in the original action in state court, the federal court does not acquire jurisdiction by removal. The rule has been criticized in many cases, including by this court, as serving no purpose. After that dismissal, the plaintiff can refile the same case and plead it as a federal action. So why, Mr. Flaxman, why are we having this debate? Is it over the cost of one district court filing fee? For Mr. Ritchie, that is the cost. That's the impact. For litigants more broadly, avoiding that filing fee, I think, is more than just a single one. Would there also be a statute of limitations consequence in at least some small slice of cases? I think in many cases, there could be, Your Honor. And in this case, I'm sure that we would deal with that argument. I can think of arguments on both sides for and against it, but I don't think those are necessarily before the court. There's absolutely cases where the dismissal and requirement to file a new case would have a statute of limitations consequence. And to be clear, Mr. Flaxman, I wasn't suggesting that it would be a problem for you. I was just thinking more broadly about consequences of the rule apart from a filing fee. Yes, Your Honor, that is another consequence. And in light of that consequence, I think the court's rule, as stated in Hammer v. Department of Health and Human Services, that a plaintiff who has a case barred by the Doctrine of Derivative Jurisdiction may file an amended complaint that engages with the federal court's jurisdiction is a sound rule. The court said that that modification... Oh, Mr. Flaxman, can I ask you a question?  So it seems to me, this is a procedural bar similar to a claims processing rule. It's not jurisdictional. We said that in Rodas. And Rodas is different from this case because it had proceeded far down the line, and we already had a judgment. And so it fit within a different category of cases. We're not free to say derivative jurisdiction because it serves no purpose. We're going to ditch it because it's precedent of the Supreme Court that we're bound to follow. What is the window? Since it is a procedural flaw in the complaint, would it make sense to treat it with a 30-day timeline where the opposing party has to raise it, much like in 1447, other procedural defects have to be identified? And that gives a window. And then beyond that, as we said in Rodas, it's just the ship has sailed. I don't know the best answer to that, and I don't think it's presented in this case. I think that something like a 30-day rule for this claims processing rule to be applied would be appropriate. In this case, we're not raising any sort of waiver like what was raised in Rodas. What we're saying in this case is that because it's a claims processing rule, it doesn't have the jurisdictional effect of barring the original case without filing a new case. But I guess what I'm saying is it seems to me that within that 30 days, the doctrine of derivative jurisdiction may require a dismissal. I mean, under 1447, it would be a remand. That's a different situation. But here it would require a dismissal. I mean, what are you precisely asking us to do? I mean, if we adopt a rule where you never have to dismiss, you can always cure simply by filing an amended complaint. We're effectively saying the doctrine of jurisdiction has no teeth. And that's not what Hammer said. It's our position that that is what Hammer said, that if derivative jurisdiction is a bar to the case as removed, the plaintiff is entitled to modify the complaint, and the quote of the language is cut out the intermediate step between dismissal of the case and filing a new one. And to the extent that the argument is that allowing an amendment is an end run around the bar, I don't see why that's a difference to saying that filing a new case is an end run around the bar. And I think that the possibility of filing a new case is why there's so much criticism of the doctrine. But where there's really no difference between filing a new case and filing an amended complaint, especially here where the new filing would be exactly identical to the amended complaint. It wouldn't be reformulated in any way. Well, I'm not defending derivative jurisdiction, don't get me wrong. But I mean, we are stuck with it. And if the theory of derivative jurisdiction is that there is no suit, there was no civil action to be removed, then under that theory, there would be a difference. And there would be some class of cases in which the statute of limitations would be a problem. And so the plaintiff would have been penalized for choosing the wrong forum through the requirement of having to file a new complaint. And that, so far as I can tell, apart from the filing fee, would be kind of the only consequence of the rule. But, you know, we are stuck with it. So we have to figure out how to apply it. And Hammer didn't purport to overrule it. No, Hammer didn't overrule it. Hammer gave the statement that I read to you before and relied on a similar statement in Rodas, which itself relied on earlier case Barra versus Archer Daniel Midland, which applied this, you know, well-established principle that an amended complaint supersedes earlier pleadings. And if we were dealing with something that was this jurisdictional absolute bar, I don't think applying that to say amendment is proper would work. But here where it's this claims processing rule, having this, applying that and the rule about amended complaints is logical as the court said in Hammer and the other cases. LAXMAN. Can I just ask a couple of quick questions? Did you all ask for leave to amend the complaint? And did you need to ask for leave under the, given the timing and the status of the case at that time? I, sorry, I don't have, maybe I can get you that in rebuttal. My recollection is that there was an agreement. There was a status hearing before the district court judge and the parties and the judge agreed that plaintiff would file an amended complaint. But I don't think that was ever raised in the district court. LAXMAN. Next, but the district court never addressed your amended complaint, did it? LAXMAN. The district court's ruling, I think, does acknowledge that it's dealing with the amended complaint. It doesn't explicitly address the question of whether the amended complaint was sufficient. LAXMAN. And how, could you explain how you think we should deal with the statutory textual difference regarding derivative jurisdiction between Section 1441F, where Congress did act to allow this in non, in cases other than those against the federal government, and 1442? LAXMAN. So the court's already held, and we don't contest that the derivative jurisdiction bar does apply to a case removed under the statute that this case was removed under. LAXMAN. So that question is not before the court. The question is now that the jurisdiction bar applies, we're asking the court to follow the language in Hammer saying that an amended complaint cures that defect. LAXMAN. And how do you plan to deal with the Social Security statutory and regulatory provisions that were being told prevent judicial review here? LAXMAN. The, well, the issue is not presented because the government has not raised it on appeal. My understanding of what I believe the argument below is going to be is that we are not arguing about a Social Security decision under all those regulations. What the issue here is Mr. Ritchie's parental rights to act as guardian for his daughter, and that's separate from Social Security's decision under their rules and regulations of whether he can be the representative payee. There are two different questions about, do we designate him as the representative payee under Social Security rules? And are we willing to even speak to him as the guardian of his daughter under state law? And that's a merits question that wasn't dealt with below, and hasn't been raised in this court. Thanks. And if there aren't other questions, I'll reserve the 40 seconds I have left, please. Thank you, Mr. Laxman. May it please the court, counsel. The district court correctly determined that the doctrine of derivative jurisdiction applied and granted the United States' motion to dismiss. Congress is entitled to state what courts can hear cases against the United States through the doctrine of sovereign immunity. The Supreme Court states that through the doctrine of derivative jurisdiction, when a state court lacks jurisdiction, the federal court acquires none upon removal. Although in a suit originally brought in federal court, it would have had jurisdiction. And that was most recently brought up in 1981, but has gone all the way back to 1922. The doctrine has been abrogated by a congressional amendment for removals under 1441, but it still applies for removals under 1442 as this court and every other appellate court to consider the issue has decided. The inaccurate dicta in Hammer does not counter the 30 years of Supreme Court precedent nor this court's precedent. And it's important to note that the dicta was not the result of any briefing because the doctrine of derivative jurisdiction was not properly before the court in Hammer. It was simply remanded  So it was not the result of a contested briefing and it was dicta in the case. This court should use this as an opportunity to clear up the misleading dicta in Hammer that has caused a lot of extra work for the district courts and the United States. Every time a case is removed, the United States has to brief the issue and explain why the language in Hammer is dicta and has to explain it to the other side who then has to respond. Clarifying that this is dicta would also clarify things for future plaintiffs as well and make things easier for them. If the court has... Let me ask you a question. So in Rodas, there was no dismissal. We said that at some point, because it's just a procedural bar, it's not jurisdictional, it can be waived. And if a case proceeds as far as it did in Rodas, then you don't get a dismissal. So what is the standard here? Is it just kind of when concerns of finality and efficiency, et cetera, so you've gone through discovery. At that point, do you get a dismissal? Do you have to dismiss and refile? Or do you have a chance to file an amended complaint at that point? I mean, it seems to me that if we're gonna... We have to try to reconcile Rodas, which says at some point, derivative jurisdiction falls by the wayside and it's waived, it's claims processing. And the fact that we still have to give derivative jurisdictions some teeth because we're bound by the precedent. So it seems to me that right now, what we're left with is Rodas is saying, concerns of finality and efficiency, once you've gone to judgment, counsel in favor of just saying, too bad, so sad. Here, you're at the very beginning. When does it become a Rodas situation? From my understanding of Rodas, it has to be raised before the trial court. It did not give any indication about when along in the trial court process, it has to be raised. In this case, it was raised in the very first response of pleading. So wherever the court draws that line, the United States in this case is far, far in front of that line because it was so early on in the trial court case. Where should we draw the line? Policy-wise, that... If it's a processing rule, it's waivable, right? Or it's forfeitable.  when, what is the line? How, what is the line? You've gone along with the litigation for long enough. You no longer get to raise it. Now, I understand that you raised it in the beginning, but we still would have to say, articulate some rationale as to why you get a dismissal, whereas someone might not get a dismissal farther down the road. That, Your Honor, I'm not prepared to answer. And I'm not prepared to proffer a rule that the court should adopt. I'm limited to this case in which I filed the removal and the dismissal, I believe on the same day. And if the court has no further questions, we'd ask that the district court's decision be affirmed. Thank you, Mr. Efron. Thank you. Okay. And we'll move back to Mr. Flaxman. Thank you. I don't have anything to add except to state that procedurally, the amended complaint was filed under Rule 15A within 21 days of the motion to dismiss. And other than that, unless there are further questions, we ask the court to apply that language from Hammer and reverse and remand for further proceedings. Thank you, Mr. Flaxman. Thanks to both counsel and the case will be taken under advisement.